**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-50057 |
| Plaintiff-Appellee, | D.C. No. 8:16-cr-00083-PSG-1 |
| v. | |
| JOHN ALEXANDER SANCHEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted December 4, 2018
Pasadena, California

Before: D.W. NELSON and WARDLAW, Circuit Judges, and PRATT,[**] District Judge.

John Alexander Sanchez appeals his conviction, by bench trial, of being a

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We have

jurisdiction under 28 U.S.C. § 1291. Sanchez contends his conviction was not

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

supported by sufficient evidence, because the stipulation to his prior felony was not properly entered in the evidentiary record. We agree, and reverse his conviction.[1]

Sanchez exercised his right to trial after a breakdown in plea negotiations, and the parties agreed to a bench trial. The Government and Sanchez stipulated that Sanchez had a prior conviction punishable by over a year of imprisonment, an essential element of 18 U.S.C. § 922(g)(1). During the trial, however, the stipulation was not read into the record or admitted as an exhibit. Instead it was only discussed at a pretrial conference, mentioned by the Government in opening and closing arguments, and filed on the electronic docket after the close of evidence. Sanchez and his counsel, for their part, made no statements and took no action at trial other than to rest. After the district court found Sanchez guilty, Sanchez filed a motion for a judgment of acquittal arguing that insufficient evidence existed to sustain the guilty verdict because the stipulation was not properly admitted under *United States v. James*, 987 F.2d 648 (9th Cir. 1993). The district court denied the motion.

On a sufficiency-of-the-evidence challenge, "[w]e review de novo whether, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a

_____

[1] Because we reverse Sanchez's conviction, we do not reach his as-applied Second Amendment challenge.

reasonable doubt.'" *United States v. Espinoza-Valdez*, 889 F.3d 654, 656 (9th Cir. 2018) (quoting *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc)). In *James*, we held that a stipulation that had not been "read to the jury or received into evidence" could not sustain a conviction, 987 F.2d at 650, because there was "no fact in evidence that the jury could take as proved," *id.* at 651. We noted that even a correct and signed stipulation not so presented would not be enough, and expressly rejected the argument that a defendant's stipulation outside the trial record removed that issue from consideration such that "no further evidence on the issue was required because a stipulation is conclusive proof of the fact agreed to." *Id.* at 650.

Like the defendant in *James*, Sanchez entered into a stipulation with the Government regarding an essential element of the offense charged, and the Government discussed the stipulation generally at trial, but the stipulation was never received into evidence or read into the evidentiary record. *Id.* at 649. Also like in *James*, no other record evidence suffices to satisfy the Government's burden of proof on this essential element, and there was no judicial admission.[2] *See id.* at

---

[2] The Government has abandoned any argument to the contrary by consigning it to a single sentence in a single footnote. *See City of Emeryville v. Robinson*, 621 F.3d 1251, 1262 n.10 (9th Cir. 2010) (citing *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (noting that contentions raised in a footnote without supporting argument are deemed abandoned)); *see also Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1126 n.1 (9th Cir. 2012) (finding a claim

650–51.  That Sanchez was tried by a judge rather than a jury "is of no constitutional significance," and does not expand the evidentiary record.  *Jackson v. Virginia*, 443 U.S. 307, 317 n.8 (1979).  In the absence of the stipulation here, insufficient evidence exists that would convince any rational trier of fact beyond a reasonable doubt that Sanchez had been convicted of a crime punishable by over a year of imprisonment.

**REVERSED.**

---

waived because it was not properly briefed).  In any event, we conclude that no other evidence could support the verdict beyond a reasonable doubt.